FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 09 2012
JAMES W. McCORMACK, CLERK
By: DEP CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF ARKANSAS**

**TIMOTHY WATKINS** **CASE NO:** 4:12cv555 DPM

Plaintiff

vs.

BRAD PERKINS, BILLY'S TRUCKING, AND DAVID SMITH,

Individually

Defendants

AMENDED COMPLAINT

COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, TIMOTHY WATKINS, (herein after referred to as "Watkins") sues, BRAD PERKINS,herein after referred to as "Perkins"), BILLY'S TRUCKING, (herein after referred to as "Billy's"), and DAVID SMITH, (herein after referred to as "Smith") individually and hereby alleges as follows:

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action for money damages in excess of 1,000,000.00, exclusive of costs.

2. At all times material, Plaintiff Watkins was a resident of Olive Branch, Marshall County, Mississippi.

3. At all times material, Billy's is a private company who acted under Smith and Perkins operating in Hazen, Prairie County, Arkansas.

4. At all times material, Perkins acting as an agent of the State Highway Police with jurisdiction including Prairie County Arkansas, and residing in Arkansas.

5. At all times material, Smith acting as an agent of the State Highway Police with jurisdiction including Prairie County Arkansas, and residing in Arkansas.

6. The defendants are subject to personal jurisdiction in this court pursuant to Federal Statutes a violation of civil rights, 42 U.S.C. / 1983, diversity of citizenship 28 U.S.C. / 1331.

7. This action is properly located in Prairie County Arkansas as the criminal violations and civil rights violations occurred in Prairie County Arkansas.

## FACTUAL ALLEGATIONS

8. On the afternoon of April 10, 2011 the Plaintiff, Watkins was stopped going westbound at mile marker 194 by Smith.

9. Defendant Smith admits seeing Plaintiff Watkins doing nothing wrong and states that he doesn't know if Watkins did do anything wrong.

10. Defendant Smith asked Plaintiff Watkins to sign an affidavitt stating that Watkins was following a log truck too close.

11. Plaintiff Watkins asked to call A & H Cartage(his employer). defendant Smith refused\ to allow his request.

12. Plaintiff Watkins refused to sign affidavit.

13. Defendant Smith then handed all paperwork to include Plaintiff Watkins road manifest, Mississippi CDL license and medical ID card to Trooper Triwickas. Defendant Smith escorted Plaintiff Watkins to the Prairie County jail in violation of DOT law 382.109.

14. Plaintiff Watkins notified A & H Cartage of the situation, informing them that he had been arrested, that he didn't know where the company tractor and trailor were at.

15. On April 11, 2011 at around 1800hrs, Fred Askew representing A & H Cartage paid $360.00 to have Watkins released. All this was done without Watkins having an arrainment hearing or seeing a judge.

16. Askew asked Watkins if he gave anyone permission to operate the truck and trailor belonging to A & H Cartage to which he replied "no".

17. Plaintiff Watkins and Mr. Askew arrived at Defendant Billy's where they found that not only had the truck been driven and not towed, but also left in an unsecure area with the truck unlocked and the keys in it.

18. Plaintiff Watkins further found that his pesonal items had been gone through and some items were missing.

19. Plaintiff Watkins did find his manifest, CDL, and medical ID in the drivers seat.

20. Plaintiff Watkins found state documents along with the reciept from Billy's Trucking stating that the truck had been "towed".

21. A & H Cartage the insured as well as the broker asked the Plaintiff Watkins to obtain a reciept from State of Arkansas showing that they did take control of the truck and trailor with cargo.

22. Plaintiff Watkins was never able to obtain any paperwork of any kind showing that the state had ever had control or turned control over to anyone for the truck, trailor, cargo, and personal items including ID and Medical Cards.

23. On the afternoon of May 18, 2011 Plaintiff Watkins called the Hazen District Court asking what he was being charged with, for a reciept for the truck, trailor, and cargo confiscation, and how to submit motions for a jury trial, and challenged jurisdiction while making no plea.

24. Karen as well as Annett(Hazen Court Clerks) did inform Plaintiff Watkins of his charges, denied any motions and insisted that this court doesn't have jury trials and requested Plaintiff Watkins make a plea.

25. Plaintiff Watkins made no plea and informed them that he would be there by special appearance due to threats, arrest, colution and forfeiture of money.

26. On April 24, 2011 Plaintiff Watkins was fired from his job at A & H Cartage for deserting his truck, trailor, and cargo assigned to him on the side of the road.

27. On June 22, 2011 Plaintiff Watkins did appear in Hazen District Court and challenged jurisdiction, where Hazen ruled they had jurisdiction.

28. Defendants Smith and Perkins both testified that Plaintiff Watkins was following a white van trailor pulled by an unknown tractor color as well as unknown company name.

29. Hazen District Court refused to allow Plaintiff Watkins to file any motions or to allow video evidence showing Smith and Perkins lying under oath.

30. Defendant Perkins also revieled he never signed a complaint affidavit against Plaintiff Watkins.

31. Plaintiff Watkins was found guilty in Hazen District Court where demands for another $30.00 were ordered to be paid that day.

32. On July 12, 2011 a motion of appeal was submitted to Prairie County Circuit Clerk.

33. On July 17, 2011 Plaintiff Watkins recieved a letter from the State of Mississippi informing him of his probation and his conviction against his Mississippi CDL.

34. On October 24, 2011 Plaintiff Watkins attorney Chad Green filed a motion of discovery, Defendants notice of rights.

35. On July 11, 2012 Plaintiff Watkins was found "NOT GUILTY" of all charges by jury trial even though no plea was ever made and no evidence was allowed. Defendants Smith and Perkins again changed their testimonies and jurisdiction again being challenged in Plaintiff Watkins testimony.

36. Defendant Billy's Trucking was acting with approval of officers Smith and Perkins.

Untitled

COUNT 1
CIVIL ACTS OF
BRAD PERKINS

1. Defendant Brad Perkins violated Plaintiffs civil rights to include but not limited to;

a. Purgery in Hazen District Court to further convict Plaintiff.

b. Purgery in Prairie County Court attempting to convict Plaintiff.

c. Ordering the confiscation of Plaintiffs property with no paperwork and further violating Plaintiffs 4th and 5th amendment rights by releasing said property to Billy's Trucking with no paperwork.

COUNT 2
CIVIL ACTS OF
DEFENDANT BILLY'S TRUCKING

1. Defendant Billy's Trucking called by Defendants Smith and Perkins participated, drove and assisted in, but not limited to;

a. Taking control of tractor assigned to Plaintiff Watkins. with no paperwork or authority to do so.

b. Taking control of trailor and cargo with no paperwork or authority to do so.

c. Taking control of Plaintiffs personal property with no paperwork or authority to do so.

d. Allowing people or persons unknown to take Plaintiffs personal property.

e. Holding property of the Pliantiff with it not being secure and the keys being in the vehicle.

f. Holding this property for ransome to obtain money from Plaintiff Watkins.

COUNT 3
CIVIL ACTS OF
DEFENDANT DAVID SMITH

1. Defendant David Smith violated Plaintiffs civil rights to include but not limited to;

a. Wrongful arrest by not having corpusdilecti or standing in a warrantless arrest, arresting plaintiff for not signing an affidavit stating he was following a log truck too close.

b. Holding Plaintiff against his will and having no arrainment but having to pay money for Plaintiffs release.

c. Purgery in Hazen District Court to further convict Plaintiff.

d. Purgery in Prairie County Court to convict Plaintiff.

e. Ordering confiscation of tractor, trailor, cargo, MS ID, and personal efffects in the cab without due process of law (see 5th amendment) or notifing Arkansas DOT and doing no paperwork to indicate these items were confiscated.

f. Releasing these items to Billy's Trucking with no paperwork.

g. Allowing people unknown to take Plaintiffs personal property.

h. Reporting that rig was towed and signing a false affidavit saying that Plaintiff had commited a crime.

Untitled

RELIEF SOUGHT

1. As a direct and proximate result of Defendants Brad Perkins, Billy's Trucking and David Smith wrongdoing leading to a chain of events that were able to financially, emotionally, mentally and frauduently distressed the Plaintiff Watkins.

2. As a direct and proximate result of Defendants Perkins, Smith and Billy's Trucking not providing any reciepts or chain of custody paperwork for items that were confiscated from Plaintiff, Watkins was fired for deserting his tractor, trailor, and cargo and that it was reported and placed on Plaintiffs DAC report as well as Plaintiff having to report on any applications why he was fired from A & H Cartage(see Federal Motor Carrier Safety Regulations 391.21(10), 391.21(11), and 391.53.). The Plaintiff has been unable to find work and will have limited ability in the future to find work and earn money.

3. As a direct and proximate result of the Defendants, Plaintiff Watkins was caused to suffer stomach pains, headaches, mental anguish, loss of ability to enjoy life, loss of earnings, and has caused him to incur defense expenses, loss of credibility in the trucking industry, and loss of earnings in the future.

4. Because of the Defendants negligence by violating Plaintiffs 4th, 5th, and 6th amendments to the Bill of Rights along with DOT 382.109 law Plaintiff has been slandered.

Wherefore, Plaintiff Watkins demands judgement for damages against Defendants Perkins, Smith, and Billy's Trucking together with cost and other relief as to the court deems, along with a reciept of items that were confiscated from the Plaintiff and later found in the possesion of Billy's Trucking. Plaintiff also requests that Hazen District Court removes their conviction from Plaintiffs Mississippi Motor Vehicle Report.

Timothy Watkins
Signature
Timothy Watkins
202 Bailey Rd.
Olive Branch, MS 38654
901-493-2972