## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**TIMOTHY WATKINS**                                                        **PLAINTIFF**

**v.**                                  **No. 4:12-cv-555-DPM**

**BILLY'S TRUCKING; BRAD**
**PERKINS, in his individual**
**capacity; and DAVID SMITH,**
**in his individual capacity**                                    **DEFENDANTS**

### ORDER

**1.** Timothy Watkins worked for A&H Cartage driving tractor-trailer rigs. In April 2011 he was pulled over in Prairie County by Arkansas Highway Police Officer David Smith for allegedly following a log truck too closely. Smith issued Watkins one citation for that traffic offense and another for having a flat inside tire on the trailer. Watkins refused to sign the following-too-closely ticket. So Officer Smith arrested Watkins and took him to jail. Watkins heard Officer Smith request over the radio that dispatch (or another officer) contact Billy's Trucking to have the tractor-trailer moved from the shoulder of Interstate 30 to Billy's Trucking's premises. Watkins was released from jail the next day. He and his boss went to Billy's Trucking to get the vehicle. The tractor-trailer wasn't in a secure area; the tractor's cab

was unlocked with the keys in it.  Watkins's CDL license, the bill of lading, his driver's license, and his registration book were in the cab.  His clothes and bedding had been tossed around; some were on the floor.  Two personal items were missing:  a bottle of hand sanitizer and an Elton John three-CD set.  The cargo remained sealed and untouched.  A&H Cartage eventually fired Watkins.

Watkins makes various constitutional claims under 42 U.S.C. § 1983 and a defamation claim under Arkansas law. *№ 67 at 3–8.*  He says that he can't get a job now as a tractor-trailer operator because his trucking employment record indicates — as a result of this incident — that he has abandoned cargo. Billy's Trucking seeks summary judgment.  The Court has taken the material facts, where disputed, in Watkins's favor and leaned in particular on his deposition testimony. *№ 111 at 12–15, 32–33, 67–71, 76, 87, & 90–93* (deposition pagination); *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).

**2.** Billy's Trucking towed A&H Cartage's tractor-trailer, with Watkins's personal items inside, on behalf of the Arkansas Highway Police.  In general, private individuals, such as this towing company, are eligible for qualified immunity when acting on behalf of the government. *Filarsky v. Delia*, 132 S.

Ct. 1657, 1665 (2012).  A&H Cartage's tractor-trailer needed to be moved off Interstate 30's shoulder to protect motorists, the vehicle itself, and the cargo. Billy's Trucking is entitled to immunity because it didn't violate Watkins's clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Though his things were scattered around the cab and he was missing two items worth about twenty dollars, all this doesn't amount to a Fourth Amendment violation or Fourteenth Amendment violation.

First, Watkins didn't own the tractor, the trailer, or the cargo. № *112 at 4*.  He therefore has no standing for any claim about Billy's Trucking taking control of A&H Cartage's vehicle. *Gardner v. First American Title Insurance Co.*, 294 F.3d 991, 993 (8th Cir. 2002).  Plus, neither the vehicle nor the cargo was harmed.  Second, Watkins has an adequate post-deprivation remedy in state court for his missing Elton John CDs and hand sanitizer. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Osloond v. Mowell*, 1 Fed. Appx. 571, 571 (8th Cir. 2001). Perhaps Billy's Trucking was negligent in how it secured the tractor's cab. That's a matter of state law, though, not the Constitution. *Hudson*, 468 U.S. at 533; *Osloond*, 1 Fed. Appx. at 571.  Third, the alleged violation of Department of Transportation regulations is not a constitutional matter either.  Qualified

-3-

immunity therefore protects Billy's Trucking against Watkins's constitutional claims.

**3.** Watkins's defamation claim fails too. He acknowledged that Billy's Trucking made no reports against him that went on his trucking employment record. № 112 at 6. And he acknowledged that Billy's Trucking didn't report to A&H Cartage, or any potential employer, that Watkins was jailed in this incident. № 112 at 6. His proof thus doesn't show either publication or causation, essential elements of defamation. *Calvary Christian School, Inc. v. Huffstuttler*, 367 Ark. 117, 131–132, 238 S.W.3d 58, 69 (2006).

* * *

Billy's Trucking's motion for summary judgment, № 95, is granted on all Watkins's claims against the towing company.

So Ordered.

DPMarshall Jr.

D.P. Marshall Jr.
United States District Judge

23 December 2014

-4-