IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TIMOTHY WATKINS                                                   PLAINTIFF

v.                              No. 4:12-cv-555-DPM

BRAD PERKINS and DAVID SMITH,
both individually                                              DEFENDANTS

ORDER

1. Brad Perkins and David Smith, Arkansas Highway Police Officers,
seek summary judgment on all Timothy Watkins's claims against them.
Those claims arise from Watkins's arrest for some alleged traffic violations on
Interstate 40.* The Court recently rejected Watkins's related claims against
Billy's Trucking, who towed and stored the tractor-trailer Watkins was
driving. № 113. The material facts about what these two officers did are
either undisputed, № 115 & 125, or the Court will take them in Watkins's
favor for purposes of the officers' motion. *Fagnan v. City of Lino Lakes, Minn.*,
745 F.3d 318, 322 (8th Cir. 2014). Watkins also asks for judgment as a matter
of law—because, he says, the officers lacked jurisdiction to seize his truck.

---

* The Court mistakenly identified the highway as Interstate 30 in an
earlier Order. № 113 at 1 & 3.

No constitutional violation occurred. Smith arrested Watkins after Perkins reported that Watkins was following a log truck too closely and Smith observed that Watkins's trailer had a flat tire. The arrest was proper, ARK. CODE ANN. § 27-50-603(d)(1), because Watkins wouldn't sign the traffic citation about tailgating — his signature being a promise to appear in court, not, as Watkins apparently misunderstood, a sworn statement that he was in fact following another vehicle too closely. Smith, acting in conjunction with a third officer, arranged for Billy's Trucking to tow and impound Watkins's tractor-trailer. At the jail, Watkins was issued another citation, which covered the flat tire. All this was routine and lawful. When Watkins's boss bailed him out and they went to Billy's Trucking the next day, the vehicle wasn't secured; the cargo was fine, but someone had made off with Watkins's hand sanitizer and an Elton John three-CD set. That loss isn't redressible here because Watkins has an adequate post-deprivation remedy at the Arkansas State Claims Commission. *Bumgarner v. Bloodworth*, 738 F.2d 966, 968 (8th Cir. 1984).

Perkins and Smith are entitled to qualified immunity in any event. The Prairie Count District Court found Watkins guilty of both traffic violations,

but he appealed to Circuit Court and was vindicated. The State dropped the flat-tire charge. And the jury acquitted him of following too closely. Perhaps Officer Perkins made a mistake in concluding Watkins was following a log truck too closely. Perhaps Officer Smith made a mistake in identifying Watkins's vehicle as the black tractor-trailer that Perkins said, by radio, had violated the law. Or maybe the jury had reasonable doubt about Watkins's alleged guilt for some other reason. Qualified immunity protects both officers against suit for their reasonable law-enforcement actions that day, even if the officers made some mistake in the circumstances. *Borgman v. Kedley*, 646 F.3d 518, 522 (8th Cir. 2011).

**2.** Watkins seeks judgment on all his claims against Perkins and Smith. *№ 121*. This cross motion for summary judgment is denied: Smith and Perkins did not violate the Constitution; and they're entitled to qualified immunity for any mistake on the facts. Watkins is not entitled to summary judgment.

**3.** Watkins's just-filed motions to amend, *№ 126 & 129*, are denied as untimely. Watkins has not provided good cause for asserting claims against fifteen new parties. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir.

2008).  The pleadings closed almost four months ago. № *85.*

**4.** Watkins's new motion to reconsider this Court's grant of summary judgment to Billy's Trucking, № *128,* doesn't raise anything new.  Watkins is mistaken about the relationship between the state and federal laws, and the federal regulations, on point.  For the reasons previously stated, № *113,* reconsideration is denied.

\* \* \*

The officers' motion for summary judgment, № *114,* is granted. Watkins's motions for summary judgment, № *117 & 121,* are denied. Watkins's motions to amend, № *126 & 129,* are denied.  Watkins's motion to reconsider, № *128,* is denied.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

_10 February 2015_